**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IDI AMIN MUHAMMAD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1181** |
| **HARRY LEE - SHERIFF, ET AL.** | **SECTION: "I"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Idi Amin Muhammad, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint against Sheriff Harry Lee, Detective Tim Murphy, Dale's Towing, Deputy Brett M. Beavers, Travis Casimiere, and their insurers. Plaintiff asserts claims under 42 U.S.C. § 1983 and state law.

In this lawsuit, plaintiff claims that, on January 11, 2007, he received a telephone call from his sister-in-law informing him that several men were taking the tires and rims from his truck and claiming that they belonged to defendant Casimiere, a private citizen. When plaintiff arrived on the scene, defendant Beavers was present. Plaintiff stated that he could prove that he owned the tires and rims, and he asked Beavers to stop the men from taking the property. Instead, plaintiff was told that he was under arrest for an outstanding warrant on a traffic ticket, and he was taken to jail. He was also charged with illegal possession of stolen things for possessing the disputed rims. Plaintiff's truck was then towed by defendant Dale's Towing. Plaintiff was later told by a representative of

Dale's Towing that the tires and rims from the truck were given to Casimiere on the instructions of defendant Murphy.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil

of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[1] the Court finds that plaintiff's complaint should be dismissed as frivolous and for otherwise failing state a claim on which relief may be granted.[2]

Plaintiff's federal claims are essentially ones for false arrest and deprivation of property.

As to the claim for false arrest, plaintiff alleges that, because the tires and rims in fact belonged to him, he was wrongly arrested for possession of stolen things. However, the United States Fifth Circuit Court of Appeals has noted:

> The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest. If there was probable cause for any of the charges made ...[,] then the *arrest* was supported by probable cause, and the claim for false arrest fails.

Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (emphasis in original). Plaintiff's complaint makes clear that he was *also* arrested based on an outstanding warrant for a traffic violation. He does not contest the existence of that outstanding arrest warrant, and that warrant constituted probable cause for his arrest in this case. See United States v. McDonald, 606 F.2d 552, 553-54 (5th Cir. 1979);

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

Johnson v. Diaz, Civil Action No. 92-3720, 1995 WL 491144, at *2 (E.D. La. Aug. 15, 1995). Accordingly, even if the charge for possession of stolen things ultimately is resolved in plaintiff's favor, his arrest was nevertheless valid due to the outstanding warrant on the other charge.

Plaintiff's claim for deprivation of property likewise fails. In Parratt v. Taylor, 451 U.S. 527 (1981), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, *negligently* deprives a prisoner of his property, there is no due process violation *if* the state provides an adequate postdeprivation remedy. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to *intentional* deprivations of property. In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Supreme Court then overruled Parratt in part, holding that merely negligent deprivations of property simply do not implicate the Due Process Clause at all.

It is of no consequence whether plaintiff is alleging that he was deprived of his property through negligence or an intentional act, because "in neither instance does he state a valid § 1983 action for deprivation of property." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). If plaintiff is claiming negligence, his claim is barred by Daniels. If he is claiming intentional conduct, the claim is barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy, i.e. a tort suit brought in state court. Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Bennett v. Louisiana Department of Public Safety and Corrections, 61 Fed. App'x 919 (5th 2003); Arnold v. Inmate Accounts, 48 Fed. App'x 105 (5th Cir. 2002). Accordingly, he may not pursue such a claim in this federal forum. If he wishes to assert a claim for his property, he may do so only in the state courts.

As noted, plaintiff indicates in his complaint that he is also asserting claims under state law. However, if plaintiff's federal claims are dismissed as recommended, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [pendent] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal law claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteenth day of March, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**